E-FILED
Monday, 03 August, 2020  07:35:03 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| SHARON BRANDENBERG, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| | )   No. 20-cv-3198 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MERIDIAN SENIOR LIVING, LLC, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant Meridian Senior Living, LLC ("Defendant" or "Meridian") hereby removes this

putative class action from the Circuit Court of Sangamon County, Illinois, to the United States

District Court for the Central District of Illinois, Springfield Division. This Court has jurisdiction

under the Class Action Fairness Act ("CAFA") because minimal diversity exists, and on the face

of Plaintiff's pleading, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§

1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.      Overview of Claims Asserted and Relief Sought**

Defendant Meridian Senior Living, LLC is a limited liability company. Its sole member is

a citizen of Delaware. Plaintiff Sharon Brandenberg's Class Action Complaint asserts that as a

cook at one of Meridian's facilities, she used timekeeping technology to clock in and out from

work in a manner that violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS

14/1, *et seq. See, e.g.*, Compl. ¶¶ 2-3, 44-46, 52, 59 (attached as part of Exhibit A).[1]

---

[1] Exhibit A is "a copy of all process, pleadings, and orders served" on Defendant. *See* 28 U.S.C. § 1446(a).

4818-9105-4277

Plaintiff alleges five categories of violations under three separate subparts of BIPA's Section 15. Compl. ¶¶ 66-74. Plaintiff alleges Meridian failed to:

> 1)      make publicly available a written policy about retention and destruction of biometrics (Section 15(a));
>
> 2)      inform Plaintiff in writing that his biometrics were being recorded, obtained, collected or stored (Section 15(b)(1));
>
> 3)      inform Plaintiff of the specific purpose and length of term for which his biometrics were being collected, stored, and used (Section 15(b)(2));
>
> 4)      obtain a written release from Plaintiff (Section 15(b)(3)); and
>
> 5)      obtain consent before disclosing any biometrics to a third-party (Section 15(d)).

Lastly, Plaintiff seeks injunctive relief, which includes enjoining Meridan from further alleged BIPA non-compliance. Compl. ¶¶ 47B, 54B, 61B.

Plaintiff defines the putative class as "Defendant's workers who scanned their fingerprints in Defendant's biometric time clock system in Illinois between June 10, 2015 and the present without first executing a written release." *Id.* ¶ 28. Plaintiff contends that Meridian's violations of BIPA were "reckless" and seeks "liquidated or actual monetary damages, whichever is higher…for each violation" of BIPA.[2] *Id*. ¶¶ 47A, 54, 54A, 61, 61A.

## II.      Removal is Proper under CAFA

This Court has jurisdiction under CAFA because this is a purported class action (*id.* at ¶¶ 28-39) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions), 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"), and 1446 (permitting removal).

---

[2] Under BIPA, a plaintiff can recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation." 740 ILCS 14/20(2).

2

3:20-cv-03198-SEM-KLM   # 1   Page 3 of 5

### a. Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. *See* Compl. ¶ 15. Meridian Senior Living, LLC is a citizen of the state of its sole member, which is Delaware. Declaration of Lawrence Bailey, ¶ 2 (attached as Exhibit B). Accordingly, minimal diversity exists.

### b. Amount in Controversy Exceeds $5,000,000

Here, on the face of Plaintiff's pleadings, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts at least four types of alleged violations, and seeks statutory damages for "each" violation (Compl. ¶ 47A, 54A, 61A), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

The Complaint alleges Defendant violated BIPA as to at least 75 individuals. Compl. ¶ 30. And Plaintiff's Motion for Class Certification similarly asserts that the class consists of over 75 people. Mot. for Class Cert. p. 2 (attached as part of Exhibit A). Even 250 class members would yield a maximum amount in controversy in excess of the jurisdictional prerequisite for the five BIPA violations alleged (250 x $5,000 x 4 = $5,000,000). Since June 10, 2015 (the start date for the alleged Class), Meridian has employed at least 251 people in Illinois who use finger scan technology to punch in and out of work. *See* Ex. B ¶ 4. Thus, as alleged, the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

3

**III.      The Procedural Requirements for Removal Have Been Satisfied**

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Defendant was served on July 2, 2020. Ex. B ¶ 5. Counting forward 30 days comes to Monday, August 3, 2020. Defendant is removing this matter, and therefore there are no other defendants whose consent would be necessary.

Defendant is today timely filing this notice with the Circuit Court of Sangamon County, along with an executed copy of the Notice of Filing Notice of Removal. Defendant is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Respectfully submitted,

Dated: August 3, 2020

/s/ *Erin Bolan Hines*

Melissa A. Siebert
ARDC #6210154
Erin Bolan Hines
ARDC #6255649
SHOOK, HARDY & BACON LLP
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Phone: (312) 704-7700
Email: masiebert@shb.com
            ehines@shb.com

*Attorneys for Defendant Meridian Senior Living, LLC*

4

4818-9105-4277

## **CERTIFICATE OF SERVICE**

I, Erin Bolan Hines, an attorney, hereby certify that on August 3, 2020, I caused a true and

correct copy of NOTICE OF REMOVAL to be served by electronic mail on counsel of record in

this matter in the Circuit Court of Sangamon County, addressed as follows:

Douglas M. Werman
Zachary C. Flowerree
WEMAN SALAS, P.C.
ARDC #6305935
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Phone: (312) 419-1008
Email: dwerman@flsalaw.com
        zflowerree@flsalaw.com

*Attorneys for Plaintiff*


                                        /s/ *Erin Bolan Hines*

4818-9105-4277