E-FILED
Monday, 03 August, 2020  07:35:03 PM
Clerk, U.S. District Court, ILCD

Exhibit A

EFILED
6/10/2020 12:01 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

# IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
## SANGAMON COUNTY, ILLINOIS

| | | |
|---|---|---|
| SHARON BRANDENBERG, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2020L 000117 |
| v. | ) ) | Judge |
| MERIDIAN SENIOR LIVING, LLC, | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Sharon Brandenberg ("Plaintiff") files this Class Action Complaint ("Complaint") against Meridian Senior Living, LLC ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.    Defendant operates senior living facilities across the United States, including eight facilities in Illinois.

2.    Plaintiff was employed by Defendant as a cook at its Villas of Holly Brook facility in Newton, Illinois from approximately November 21, 2017 and April 21, 2020.

3.    Defendant required Plaintiff and other workers to use a biometric time clock system to record their time worked.

4.    Defendant required Plaintiff and other workers to scan their fingerprints in Defendant's biometric time clock each time they started and finished working.

5.    Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

1

6.     By requiring workers to scan their fingerprints to record their time, instead of identification numbers or badges only, Defendant ensured that one worker could not clock in for another.

7.     Thus, there's no question that Defendant achieved a labor management benefit from using a biometric time clock.

8.     But there's equally no question that Defendant placed workers at risk by using their biometric identifiers to "punch the clock."

9.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10.    As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11.    Defendant collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12.    As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly-situated workers.

**JURISDICTION AND VENUE**

13.    This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

2020L 000117

14.     Sangamon County is an appropriate venue for this litigation because Defendant has senior living facility in Sangamon County, does business there, and thus is a resident of Sangamon County.

**THE PARTIES**

15.     Plaintiff is an individual who is a citizen of Illinois.

16.     Defendant is a Delaware limited liability company.

17.     Defendant's principal office is in Bethesda, Maryland.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

18.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

19.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

20.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

2020L 000117

3

21.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

22.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

23.     When Plaintiff scanned her fingerprint in Defendant's biometric time clock, Defendant captured and stored Plaintiff's fingerprint, or personal identifying information derived from Plaintiff's fingerprint.

24.     When Plaintiff scanned her fingerprint in Defendant's biometric time clock, Defendant disclosed her fingerprint – or personal identifying information derived from her fingerprint – to Defendant's timekeeping vendor.

25.     Before requiring Plaintiff to use a biometric time clock, Defendant never provided Plaintiff any written materials stating that it was collecting, retaining, or disclosing her fingerprint or personal identifying information derived from her fingerprint.

26.     Before requiring Plaintiff to use a biometric time clock, Defendant never obtained Plaintiff's written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of her fingerprint or personal identifying information derived from Plaintiff's fingerprint.

27.     Defendant violated Plaintiff's privacy by capturing or collecting her unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without her consent.

**CLASS ACTION ALLEGATIONS**

28.     Plaintiff seeks to represent a class of Defendant's workers who scanned their fingerprints in Defendant's biometric time clock system in Illinois between June 10, 2015 and the present without first executing a written release ("the Class").

29.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingerprints in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

30.     The Class includes more than 75 members.

31.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

32.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to scan their fingerprints to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

33.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

34.     Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

2020L 000117

35.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

36.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

37.     The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

38.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

39.     Plaintiff retained counsel experienced in complex class action litigation.

**COUNT I**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))**
**(Class Action)**

40.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

41.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

42.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

43.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's fingerprints.

44.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on

2020L 000117

6

their fingerprints without first informing them in writing that Defendant was doing so.

45.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

46.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

47.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

2020L 000117

**COUNT II**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))**
**(Class Action)**

48.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

49.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

50.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

51.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's fingerprints.

52.     Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without creating and following a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric information derived from Plaintiff's and the Class's fingerprints.

53.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

54.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as

2020L 000117

provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendant from committing further violations of the Biometric
Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and
prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided
by 740 ILCS 14/20(4).

**COUNT III**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))**
**(Class Action)**

55.    Plaintiff realleges and incorporates the previous allegations of this Complaint.

56.    Defendant is a "private entity" under the Biometric Information Privacy Act. 740
ILCS 14/10.

57.    Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as
defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

58.    Defendant has "biometric information" from Plaintiff and the Class through its
acquisition and retention of personal identifying information based on Plaintiff's and the Class's
fingerprints.

59.    Defendant violated the Biometric Information Privacy Act by disclosing or
otherwise disseminating Plaintiff's and the Class's fingerprints and information based on their
fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that
disclosure or dissemination.

60.    Unlike other Illinois companies, Defendant failed to take notice and follow the
requirements of the Biometric Information Privacy Act even though the law was enacted in 2008
and numerous articles and court filings about the law's requirements were published before
Defendant committed the legal violations alleged in this Complaint.

2020L 000117

9

61.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated:  June 10, 2020

/s/ Zachary C. Flowerree
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
**WERMAN SALAS P.C.**
**ARDC # 6305935**
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

*Attorneys for Plaintiff*

2020L 000117

10

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

**IMPORTANT:** The *Summons* form is currently being revised. **If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.** Ignore the directions on the *Summons* to fill out an *Additional Plaintiff/Petitioner Contact Information* form or *Additional Defendant/Respondent Contact Information* form.

Please check back on this site when the new *Summons* is available.

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Sangamon _____ COUNTY | | |

**Instructions ▼**

Enter above the county name where the case was filed.

SHARON BRANDENBERG

**Plaintiff / Petitioner** *(First, middle, last name)*

Enter your name as Plaintiff/Petitioner.

v.

Enter the names of all people you are suing as Defendants/ Respondents.

MERIDIAN SENIOR LIVING, LLC,

**Defendant / Respondent**  *(First, middle, last name)*

**2020L 000117**

**Case Number**

Enter the Case Number given by the Circuit Clerk.

---

In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent.

**1.  Information about the lawsuit:**

Amount claimed:  $ 50,0000 + To be determined

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

**2.  Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last):*  Sharon Brandenberg c/o Werman Salas P.C.

Street Address, Apt #:   77 W. Washington Street, Suite 1402

City, State, ZIP:   Chicago, IL 60602

Telephone:  (312) 419-1008

See attached for additional Plaintiff/Petitioner contact information

In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

**3.  Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last):*  Meridian Senior Living, LLC c/o Reg. Agent IL Corporation Service C

Street Address, Apt #:   801 Adlai Stevenson Drive

City, State, ZIP:   Springfield, IL 62703

Telephone: _____

See attached for additional Defendant/Respondent contact information

---

**Important Information for the person receiving this form:**

You have been sued.

Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*

You should read all of the documents attached.

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response. | **4.** **Instructions for person receiving this form (Defendant/Respondent):**<br>To respond to this *Summons* you must:<br><br>☐ Go to court:<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____ Court Room: _____<br>City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court:<br>On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____ |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** 6/10/2020 _____<br><br>**Clerk of the Court:** *Paul Palazzolo* |

*Seal of Court*

SEAL — 7TH JUDICIAL CIRCUIT · SANGAMON COUNTY, IL

| | |
|---|---|
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| | | |
|---|---|---|
| **STATE OF ILLINOIS,**<br>**CIRCUIT COURT**<br><br>Sangamon _____ **COUNTY** | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | SHARON BRANDENBERG _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the name of the person you are suing as Defendant/Respondent. | v.<br><br>MERIDIAN SENIOR LIVING, LLC, _____<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | |

**2020L 000117** _____

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| |
|---|
| **DO NOT** complete this section. The sheriff will complete it. |

**My name is** _____ **and I swear under oath**
*First, Middle, Last*

**that I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐  Personally on the Defendant/Respondent:
          Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____
          Height: _____  Weight: _____
          On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.
          Address: _____
          City, State, ZIP: _____

    ☐  At the Defendant/Respondent's home:
          On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.
          Address: _____
          City, State, ZIP: _____
          And left it with: _____
                *First, Middle, Last*
          Male: ☐  Female: ☐  Approx. Age: _____
          and by sending a copy to this defendant in a postage-paid, sealed envelope to the
          above address on _____ , 20 _____ .

    ☐  On the Corporation's agent, _____
                                   *First, Middle, Last*
          On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.
          Address: _____
          City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:** 

_____
*Signature*

**FEES**

By certified/registered          $_____

Service and Return              $_____

Miles: _____        $_____

Total      $_____

_____
*Print Name*

EFILED
7/8/2020 10:27 AM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL
2020L 000117

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br>Sangamon **COUNTY** | **SUMMONS** | RECEIVED<br>JUN 25 2020<br>SHERIFF'S OFFICE<br>RECORD SECTION |

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

SHARON BRANDENBERG
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

MERIDIAN SENIOR LIVING, LLC,
**Defendant / Respondent** *(First, middle, last name)*

**2020L 000117**

**Case Number**

---

In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent.

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

1. **Information about the lawsuit:**
   Amount claimed:  $ 50,0000 + To be determined

2. **Contact information for the Plaintiff/Petitioner:**
   Name *(First, Middle, Last)*:  Sharon Brandenberg c/o Werman Salas P.C.
   Street Address, Apt #:  77 W. Washington Street, Suite 1402
   City, State, ZIP:  Chicago, IL 60602
   Telephone:  (312) 419-1008
   See attached for additional Plaintiff/Petitioner contact information

3. **Contact information for the Defendant/Respondent:**
   Name *(First, Middle, Last)*:  Meridian Senior Living, LLC c/o Reg. Agent IL Corporation Service C
   Street Address, Apt #:  801 Adlai Stevenson Drive
   City, State, ZIP:  Springfield, IL 62703
   Telephone:
   See attached for additional Defendant/Respondent contact information

---

**Important Information for the person receiving this form:**

You have been sued.

Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here:

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*

You should read all of the documents attached.



# SANGAMON COUNTY SHERIFFS OFFICE
## "Keeping the Peace Since 1821"

Administration – (217) 753-6855
Records – (217) 753-6846

JACK CAMPBELL
#1 Sheriffs Plaza
Springfield, IL 62701

Investigations – (217) 753-
Corrections – (217) 753-

SG TRACKING #20- 2775

I, __T. Roderick__ certify that I served this summons as follows:

☐ Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐ Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☒ Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐ Other service, as described below.

Case Number __20L117__

Name of defendant __Meridian Senior Living, LLC__

Name of other person
Summons left with __Matt Dinking__

Sex: ( M / F )  Race: __W__   Approx. Age: __30__

Date of Service __7/2__ /2020 Time __13:45__

Date of Mailing _____

Address at which paper was served:
__801 Stevenson__
__Spfld IL__

Service fees (Circle One) $50.00 or $100.00

Circle One:  PAID   PAUPER   NO CHARGE

Jack Campbell, Sheriff of Sangamon County Sheriff's Office

By _____, Deputy # __3321__

## IN PARTNERSHIP WITH THE COMMUNITY

20-2175

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>Sangamon _____ COUNTY | **SUMMONS** | RECEIVED<br><br>JUN 25 2020<br><br>SHERIFF'S OFFICE<br>RECORD SECTION |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | SHARON BRANDENBERG | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | MERIDIAN SENIOR LIVING, LLC, | **2020L 000117** |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

| In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent. | **1.** **Information about the lawsuit:**<br>Amount claimed: $ 50,0000 + To be determined |
|---|---|
| In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):* Sharon Brandenberg c/o Werman Salas P.C.<br>Street Address, Apt #: 77 W. Washington Street, Suite 1402<br>City, State, ZIP: Chicago, IL 60602<br>Telephone: (312) 419-1008<br>See attached for additional Plaintiff/Petitioner contact information |
| In 3, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last):* Meridian Senior Living, LLC c/o Reg. Agent IL Corporation Service C<br>Street Address, Apt #: 801 Adlai Stevenson Drive<br>City, State, ZIP: Springfield, IL 62703<br>Telephone: _____<br>See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued.<br><br>Follow the instructions on the next page on how to appear/answer.<br><br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here:<br><br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br>You should read all of the documents attached. |
|---|---|

20-18 557

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4. Instructions for person receiving this form (Defendant/Respondent):**<br>To respond to this *Summons* you must:<br><br>☐ Go to court:<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____ Court Room: _____<br>City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court:<br>On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____ |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** 6/10/2020 _____<br><br>**Clerk of the Court:** *Dorothy Palazzolo* _____     *[SEAL — 7TH JUDICIAL CIRCUIT, SANGAMON COUNTY, IL]* |

| | |
|---|---|
| **STOP!**<br>The officer or process server will fill in the Date of Service. | This *Summons* **must be served within 30 days of its date, listed above.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit _____ to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit _____. or talk with your local circuit clerk's office. |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| | |
|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>Sangamon _____ COUNTY | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** |

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | SHARON BRANDENBERG<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. |
| | MERIDIAN SENIOR LIVING, LLC,<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | |

**Case Number:** 2020L 000117

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____
Height: _____  Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*

Male: ☐  Female: ☐  Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

2020L 000117

Enter the Case Number given by the Circuit Clerk:_____

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:** _____

_Signature_ _____

_Print Name_ _____

**FEES**

By certified/registered          $ _____
Service and Return               $ _____
Miles: _____         $ _____
Total      $ _____

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

**IMPORTANT:** The *Summons* form is currently being revised. **If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.** Ignore the directions on the *Summons* to fill out an *Additional Plaintiff/Petitioner Contact Information* form or *Additional Defendant/Respondent Contact Information* form.

Please check back on this site when the new *Summons* is available.

SU-S 1503.1

(09/18)



# SANGAMON COUNTY SHERIFFS OFFICE
### "Keeping the Peace Since 1821"

**JACK CAMPBELL**
#1 Sheriffs Plaza
Springfield, IL 62701

Administration – (217) 753-6855
Records – (217) 753-6846

Investigations – (217) 753
Corrections – (217) 753-

SG TRACKING #20-0775

I, _T. Roderick_ certify that I served this summons as follows:

☐ Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐ Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☒ Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐ Other service, as described below.

Case Number _20L117_

Name of defendant _Meridian Senior Living, LLC_

Name of other person Summons left with _Matt Dinking_

Sex: ( M ) F )  Race: _W_  Approx. Age: _30_

Date of Service _7/2_ /2020 Time _13:45_

Date of Mailing _____

Address at which paper was served:

_801 Stevenson_
_SPFLd IL_

Service fees (Circle One) **$50.00** or $100.00

Circle One:  PAID     PAUPER     NO CHARGE

Jack Campbell, Sheriff of Sangamon County Sheriff's Office

By _____, Deputy # _332l_

IN PARTNERSHIP WITH THE COMMUNITY

EFILED
6/15/2020 10:40 AM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL
2020L 000117

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
SANGAMON COUNTY, ILLINOIS**

SHARON BRANDENBERG, on behalf of   )
herself and all other persons similarly situated,  )
known and unknown,   )
   )   Case No.  2020L000117
     Plaintiff,   )
   )   Judge: Honorable Gail L. Noll
  v.   )
   )
MERIDIAN SENIOR LIVING, LLC,   )
   )
     Defendant.   )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is a proposed class action lawsuit for violations of the Biometric Information

Privacy Act ("the Act"). Sharon Brandenberg ("Named Plaintiff") alleges that Defendant

violated the Act by collecting, possessing, and transferring Plaintiff's and the proposed class's

biometric fingerprint identifiers and information through Defendant's finger scan timekeeping

system without following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 2-4, 11,

23-27, 41-47, 52, 59. Plaintiff files this Motion for Class Certification under guidance from the

Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named

Plaintiff. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important

consideration in determining whether a named representative's claim is moot is whether that

representative filed a motion for class certification prior to the time when the defendant made its

tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48

N.E.3d 1060, 1069 (Ill. 2015) ("Simply put, defendant's tender of relief, "partial" or

otherwise, after plaintiff filed its class certification motion could not render moot any part of

plaintiff's pending action") (footnote and citation omitted).

Named Plaintiff moves to certify the following class:[1]

Defendant's workers who scanned their fingerprints in Defendant's biometric
time clock system in Illinois between June 10, 2015 and the present without first
executing a written release ("the Class")

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801

(numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 75

members. Compl. ¶ 30. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is

satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19,

2004) ("Although there is no bright line test to determine numerosity, the Illinois courts

generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25

people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions

affecting only individual members, including: whether Defendant required the Class to scan their

fingerprints to clock in and out during shifts; whether Defendant collected the Class's "biometric

identifiers" or "biometric information" under the Biometric Information Privacy Act; and

whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the

Biometric Information Privacy Act. ¶ 32. These uniform factual and legal determinations satisfy

735 ILCS 5/2-801(2). *See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill.

App. 1st Dist. 2007) (common questions of law and fact predominate where the potential class

challenged the defendant's "uniform policy.").

Third, Named Plaintiff will fairly and adequately protect the interests of the Class

---

[1]      Named Plaintiff reserves the right to amend this class definition and supplement this
motion based on information obtained in discovery.

because her claims are coextensive with those of the Class, she has no interests antagonistic to the Class, and she is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometric fingerprint timekeeping system); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

Dated: June 15, 2020                          Respectfully submitted,

                                              /s/Zachary C. Flowerree
                                              One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
**WERMAN SALAS P.C.**
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

        I hereby certify that on June 15, 2020 I electronically filed the foregoing **Plaintiff's Motion for Class Certification** with the Clerk of Court using electronic service provider GreenFiling. I hereby certify that I provided a copy of this motion to the Sheriff of Sangamon County to have served along with Plaintiff's Class Action Complaint and Summons on:


                    Meridian Senior Living, LLC
              c/o Registered Agent, Illinois Corporation Service C
                       801 Adlai Stevenson Drive
                        Springfield, IL  62703



                       /s/Zachary C. Flowerree

4