E-FILED
Monday, 03 August, 2020  07:35:03 PM
Clerk, U.S. District Court, ILCD

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON BRANDENBERG, on behalf of herself and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>v.<br><br>MERIDIAN SENIOR LIVING, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF LAWRENCE BAILEY

I, Lawrence Bailey, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am General Counsel at Meridian Senior Living, LLC. I have personal knowledge of the statements made in this declaration based on my employment as General Counsel of Meridian Senior Living, LLC and my review of Meridian Senior Living, LLC's business records, maintained in the ordinary course of business.

2.      Meridian Senior Living, LLC is a Delaware limited liability company.

3.      Meridian Senior Living, LLC has one member that is a citizen of Delaware.

4.      From June 10, 2015 through the date of filing of the Complaint in this case, Meridian Senior Living, LLC collectively employed at least 251 people in Illinois who used the technology that Plaintiff claims falls under BIPA to punch in and out of work.

5.      Meridian Senior Living, LLC was served with the Summons and Complaint in this case on July 2, 2020 (Exhibits A and B respectively attached hereto).

I declare under penalty of perjury that the foregoing is true and correct.

4811-8110-3301

Executed on _____, 2020.

Lawrence Bailey

Exhibit A

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT** <br> Sangamon _____ **COUNTY** | **SUMMONS** | RECEIVED <br> JUN 25 2020 <br> SHERIFF'S OFFICE <br> RECORD SECTION |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | **SHARON BRANDENBERG** <br> **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | **MERIDIAN SENIOR LIVING, LLC,** <br> **Defendant / Respondent** *(First, middle, last name)* | **2020L 000117** <br> **Case Number** |

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:** <br> Amount claimed: $ 50,0000 + To be determined |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:** <br> Name *(First, Middle, Last):* Sharon Brandenberg c/o Werman Salas P.C. <br> Street Address, Apt #: 77 W. Washington Street, Suite 1402 <br> City, State, ZIP: Chicago, IL 60602 <br> Telephone: (312) 419-1008 <br> See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:** <br> Name *(First, Middle, Last):* Meridian Senior Living, LLC c/o Reg. Agent IL Corporation Service C <br> Street Address, Apt #: 801 Adlai Stevenson Drive <br> City, State, ZIP: Springfield, IL 62703 <br> Telephone: <br> See attached for additional Defendant/Respondent contact information |

| | |
|---|---|
| **Important Information for the person receiving this form:** | You have been sued. <br> Follow the instructions on the next page on how to appear/answer. <br> • If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. <br> • Your written appearance/answer must be filed on time and in the proper form. <br> • Forms for a written appearance/answer are available here: <br> If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.* <br> You should read all of the documents attached. |

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4. Instructions for person receiving this form (Defendant/Respondent):**<br><br>To respond to this *Summons* you must:<br><br>☐ Go to court:<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____ Court Room: _____<br>City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court:<br>On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____ |

| | | |
|---|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** 6/10/2020 _____<br><br>**Clerk of the Court:** *Don Palazzolo* _____ | **SEAL**<br>7TH JUDICIAL CIRCUIT<br>SANGAMON COUNTY, IL |

| | |
|---|---|
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit _____ to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit _____. or talk with your local circuit clerk's office. |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| | |
|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>Sangamon _____ COUNTY | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** |

**Instructions**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the name of the person you are suing as Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk.

SHARON BRANDENBERG
_____
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

MERIDIAN SENIOR LIVING, LLC,
_____
**Defendant / Respondent** *(First, middle, last name)*

**2020L 000117**

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

**My name is** _____ **and I swear under oath**
            *First, Middle, Last*

**that I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____

Height: _____   Weight: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

And left it with: _____
                      *First, Middle, Last*

Male: ☐   Female: ☐   Approx. Age: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the

above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
                                    *First, Middle, Last*

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

SU-S 1503.1

Page 3 of 4

(09/18)

2020L 000117

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:** _____

_____
*Signature*

**FEES**

By certified/registered     $ _____
Service and Return          $ _____
Miles: _____       $ _____
Total     $ _____

_____
*Print Name*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

**IMPORTANT:** The *Summons* form is currently being revised. **If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.** Ignore the directions on the *Summons* to fill out an *Additional Plaintiff/Petitioner Contact Information* form or *Additional Defendant/Respondent Contact Information* form.

Please check back on this site when the new *Summons* is available.

SU-S 1503.1

(09/18)



# SANGAMON COUNTY SHERIFFS OFFICE
### "Keeping the Peace Since 1821"

Administration – (217) 753-6855
Records – (217) 753-6846

JACK CAMPBELL
#1 Sheriffs Plaza
Springfield, IL 62701

Investigations – (217) 753
Corrections – (217) 753-

SG TRACKING #20-~0775~

I, __T. Roderick_____ certify that I served this summons as follows:

☐ Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐ Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☒ Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐ Other service, as described below.

Case Number __20L117__

Name of defendant __Meridian Senior Living, LLC__

Name of other person
Summons left with __Matt Dinking__

Sex: ( M ) F )  Race: __W__  Approx. Age: __30__

Date of Service __7/2__ /2020  Time __13:45__

Date of Mailing _____

Address at which paper was served:
__801 Stevenson__
__SPfld IL__

Service fees (Circle One) __$50.00__ or $100.00

Circle One:  PAID   PAUPER   NO CHARGE

Jack Campbell, Sheriff of Sangamon County Sheriffs Office

By _____, Deputy # __332I__

## IN PARTNERSHIP WITH THE COMMUNITY

Exhibit B

EFILED
6/10/2020 12:01 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
## SANGAMON COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| SHARON BRANDENBERG, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | Case No. 2020L 000117 |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) ) | |
| MERIDIAN SENIOR LIVING, LLC, | ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Sharon Brandenberg ("Plaintiff") files this Class Action Complaint ("Complaint") against Meridian Senior Living, LLC ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.      Defendant operates senior living facilities across the United States, including eight facilities in Illinois.

2.      Plaintiff was employed by Defendant as a cook at its Villas of Holly Brook facility in Newton, Illinois from approximately November 21, 2017 and April 21, 2020.

3.      Defendant required Plaintiff and other workers to use a biometric time clock system to record their time worked.

4.      Defendant required Plaintiff and other workers to scan their fingerprints in Defendant's biometric time clock each time they started and finished working.

5.      Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

1

6. By requiring workers to scan their fingerprints to record their time, instead of identification numbers or badges only, Defendant ensured that one worker could not clock in for another.

7. Thus, there's no question that Defendant achieved a labor management benefit from using a biometric time clock.

8. But there's equally no question that Defendant placed workers at risk by using their biometric identifiers to "punch the clock."

9. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10. As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11. Defendant collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12. As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly-situated workers.

**JURISDICTION AND VENUE**

13. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

2020L 000117

14.     Sangamon County is an appropriate venue for this litigation because Defendant has senior living facility in Sangamon County, does business there, and thus is a resident of Sangamon County.

**THE PARTIES**

15.     Plaintiff is an individual who is a citizen of Illinois.

16.     Defendant is a Delaware limited liability company.

17.     Defendant's principal office is in Bethesda, Maryland.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

18.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

19.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

20.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

3

21.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

22.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

23.     When Plaintiff scanned her fingerprint in Defendant's biometric time clock, Defendant captured and stored Plaintiff's fingerprint, or personal identifying information derived from Plaintiff's fingerprint.

24.     When Plaintiff scanned her fingerprint in Defendant's biometric time clock, Defendant disclosed her fingerprint – or personal identifying information derived from her fingerprint – to Defendant's timekeeping vendor.

25.     Before requiring Plaintiff to use a biometric time clock, Defendant never provided Plaintiff any written materials stating that it was collecting, retaining, or disclosing her fingerprint or personal identifying information derived from her fingerprint.

26.     Before requiring Plaintiff to use a biometric time clock, Defendant never obtained Plaintiff's written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of her fingerprint or personal identifying information derived from Plaintiff's fingerprint.

2020L 000117                        4

27.     Defendant violated Plaintiff's privacy by capturing or collecting her unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without her consent.

**CLASS ACTION ALLEGATIONS**

28.     Plaintiff seeks to represent a class of Defendant's workers who scanned their fingerprints in Defendant's biometric time clock system in Illinois between June 10, 2015 and the present without first executing a written release ("the Class").

29.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingerprints in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

30.     The Class includes more than 75 members.

31.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

32.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to scan their fingerprints to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

33.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

34.     Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

2020L 000117

35.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

36.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

37.     The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

38.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

39.     Plaintiff retained counsel experienced in complex class action litigation.

**COUNT I**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))**
**(Class Action)**

40.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

41.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

42.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

43.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's fingerprints.

44.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on

2020L 000117

6

their fingerprints without first informing them in writing that Defendant was doing so.

45.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

46.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

47.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

2020L 000117

## COUNT II
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))
### (Class Action)

48.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

49.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

50.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

51.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's fingerprints.

52.     Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without creating and following a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric information derived from Plaintiff's and the Class's fingerprints.

53.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

54.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as

provided by 740 ILCS 14/20(1)-(2);

B.      Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.      Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**COUNT III**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))**
**(Class Action)**

55.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

56.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

57.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

58.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's fingerprints.

59.     Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's fingerprints and information based on their fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

60.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

2020L 000117

61.     As a result, Defendant's violations of the Biometric Information Privacy Act were

reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff
and the Class for each violation of the Biometric Information Privacy Act as
provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric
Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and
prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided
by 740 ILCS 14/20(4).

Respectfully submitted,

Dated:  June 10, 2020

/s/ Zachary C. Flowerree
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
**WERMAN SALAS P.C.**
**ARDC # 6305935**
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

*Attorneys for Plaintiff*

2020L 000117