# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON BRANDENBERG, )<br>on behalf of herself and all other )<br>persons similarly situated, )<br>known and unknown, )<br>                             )<br>        Plaintiff, )<br>                             )<br>     v.                      ) <br>                             )<br>MERIDIAN SENIOR LIVING, LLC, )<br>                             )<br>        Defendant.           ) | Case No. 20-cv-3198 |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Meridian Senior Living, LLC's (Meridian) Motion to Stay Proceedings (d/e 16) (Motion to Stay). For the reasons set forth below, the Motion to Stay is ALLOWED in part. The Court will stay discovery until the District Court rules on Meridian's pending Motion to Dismiss (d/e 9).

## BACKGROUND

Plaintiff Sharon Brandenberg brings this action against her former employer Meridian for violations of the Illinois Biometric Information Privacy Act (BIPA). Brandenberg filed the action in Sangamon County, Illinois, Circuit Court. Meridian removed the action to this Court. Notice of

Removal (d/e 1).  Brandenberg alleges that Meridian operated eight long-term care facilities in Illinois, including the Villas of Holly Brook, located in Newton, Illinois (Villas).  Brandenberg worked at the Villas from November 21, 2017 to April 21, 2020.  Meridian required Brandenberg to provide Meridian with her fingerprint because Meridian required employees to use their fingerprints to clock in and out of work.  See Notice of Removal, Exhibit A, Class Action Complaint, ¶¶ 108.  Brandenberg alleges Meridian thereby violated the BIPA by failing to provide required notices to Brandenberg and securing her written consent before capturing her fingerprints (Count I); failing to create written policies, make them publicly available, establish a retention schedule and destruction guidelines for retained biometric information (Count II); disseminating Brandenberg's fingerprints to Meridian's time-keeping vendor without her consent (Count III).  She brings the action on behalf of herself and the other employees of Meridian's facilities in Illinois.

Meridian filed the Motion to Dismiss.  Meridian argues that Brandenberg's claims are preempted by the Illinois Workers' Compensation Act, 820 ILCS 305/1;  her claims are barred by either the Illinois one-year statute of limitations for publications of matter violating the right to privacy, 735 ILCS 5/13-201, or the two-year statute of limitations for personal injury

torts, 735 ILCS 5/13-202.  Meridian also argues that Brandenberg fails to state a claim because she fails to allege negligence, recklessness, or intent; and she fails to state a claim because her claims are barred by the Illinois doctrine of assumption of the risk.  See Motion to Dismiss.  The parties have fully briefed the Motion to Dismiss, and it is pending before the District Court.  Brandenberg argues that the five-year catch-all statute of limitations applies to BIPA claims.  735 ILCS 5/13-205; Plaintiff's Response to Defendant Meridian Senior Living, LLC/s Motion to Dismiss Plaintiff's Class Action Complaint (d/e 12), at 4-8.

Meridian now asks the Court to stay the proceedings and wait for decisions in four appeals now pending:  Cothron v White Castle System, Inc., Case No. 20-3202 pending before the Seventh Circuit Court of Appeals; Tims v. Black Horse Carriers, Inc., Case No. 1-20-0562, pending before the Illinois Appellate Court for the First District; Marion v. Ring Container Techs., LLC, No. 3-20-0184, pending before the Illinois Appellate Court for the Third District; and McDonald v. Symphony Bronzeville Park, LLC, No. 126511, pending before the Illinois Supreme Court.  The Cothron case is considering whether a cause of action under BIPA accrues when the defendant first captures the biometric information, or whether a new cause of action accrues every time a person used such biometric

information, such as each time an employee used her fingerprint to clock in or out. The <u>Tims</u> and <u>Marion</u> cases address which statute of limitations applies. The <u>McDonald</u> case addresses whether the IWCA preempts employees' claims against employers under the BIPA. Brandenberg opposes the proposed stay.

ANALYSIS

> The Court has "broad discretion in deciding whether to stay proceedings as an incident to its power to control its own docket consistent with equity, judicial economy and the parties' interests." <u>United States Securities and Exchange Commission v. Glick</u>, 2019 WL 78958 at *5 (N.D. Ill. Jan. 2, 2019). "Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." <u>Markel American Ins. Co. v. Dolan</u>, 787 F.Supp.2d 776, 779 (N.D. Ill. May 11, 2011).

<u>Mintun v. Kenco Logistics Services LLC</u>, 2020 WL 1700328, at *1 (C.D. Ill. April 7, 2020). The Court, in its discretion and upon consideration of these principles, will not stay the District Court's consideration of the Motion to Dismiss. The matter has been fully briefed so neither party will be required to expend any more time or energy on that motion. The District Court can review the parties' submissions and research the law and determine the appropriate resolution of the Motion to Dismiss. The Court sees no reason to delay consideration of the Motion to Dismiss.

The Court will, however, stay discovery until after the District Court rules on the Motion to Dismiss. A stay of discovery should not unduly prejudice either party because the Motion to Dismiss has been fully briefed and is ready for decision. The District Court's decision on the Motion to Dismiss could make discovery unnecessary or affect the scope of discovery. The Court, in its discretion, determines that staying discovery is appropriate under these circumstances.

THEREFORE, IT IS ORDERED that Defendant Meridian Senior Living, LLC's Motion to Stay Proceedings (d/e 16) is ALLOWED in part. The Court stays discovery in this matter until the District Court rules on Meridian's pending Motion to Dismiss (d/e 9). The Motion to Stay is otherwise DENIED.

ENTER:  March 1, 2021

                                                    s/ *Tom Schanzle-Haskins*
                                               TOM SCHANZLE-HASKINS
                                           UNITED STATES MAGISTRATE JUDGE