IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON BRADENBERG,<br>on behalf of herself and all other<br>persons similarly situated,<br>known and unknown,<br><br>     Plaintiffs,<br><br> v.<br><br>MERIDIAN SENIOR LIVING, LLC,<br><br>     Defendant. | )<br>)<br>)<br>)<br>) Case No. 20-cv-03198<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Defendant Meridian Senior Living, LLC's ("Meridian") Motion to Dismiss (d/e 9). Because Plaintiff's Complaint properly states a claim under Illinois's Biometric Information Privacy Act, which is neither preempted nor time-barred, Defendant's motion is DENIED.

### I. BACKGROUND

Defendant Meridian is a Delaware limited liability company whose principal place of business is in Bethesda Maryland, though it operates a senior living facility in Sangamon County, Illinois.

Defendant is also a "private entity" under the Biometric Information Privacy Act. See 740 ILCS 14/10. Plaintiff Sharon Bradenberg was an employee of Defendant at its Newton, Illinois facility from approximately November 21, 2017 through April 21, 2020.

During that time, Defendant required its workers, including Plaintiff, to scan their fingerprints into a biometric timeclock operated by Defendant at the beginning and end of each shift. According to Plaintiff, this was to prevent workers from clocking in for other workers, something Defendant could not prevent as effectively with employee badges or identification numbers. Each time Plaintiff scanned her fingerprint, that personal identifying information was, Plaintiff alleges, disclosed to Defendant's timekeeping vendor without Plaintiff's consent. According to Plaintiff, Defendant never obtained Plaintiff's written consent before requiring her to use the biometric timeclock. Nor did Defendant obtain any other prior authorization from Plaintiff to collect, store, disseminate, or use her fingerprints or other personal identifying information. Compl. ¶¶ 1–6, 10–11, 23–26.

On June 10, 2020, Plaintiff filed suit against Defendant in the Circuit Court of Sangamon County, Illinois. On August 3, 2020,

Defendant removed the suit to this Court pursuant to the Class Action Fairness Act. See Notice of Removal (d/e 1) (citing 28 U.S.C. § 1332(d)). In her Complaint, Plaintiff alleges that the above facts amount to three counts of violations of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq. Specifically, Plaintiff claims violations of Sections 15(a), 15(b), and 15(d) of BIPA, which require companies, among other things, to maintain public retention and destruction schedules before collecting biometric data—Section 15(a)—and to obtain written consent before either collecting biometric data—Section 15(b)—or disclosing that data to third parties—Section 15(d). 740 ILCS 14/15; Compl. ¶¶ 42–46, 50–52, 57–59. In doing so, Plaintiff claims Defendant "compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly situated workers." Compl. ¶12. Plaintiff's relief sought in each count includes liquidated or monetary damages, attorneys' fees and costs, and an injunction enjoining Defendant from further violating the Act as alleged. Compl. ¶¶ 47, 54, 61.

On September 23, 2020, Defendant filed the present Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint.  Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, and thus defeat a Rule 12(b)(6) motion, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion under Rule 12(b)(6), courts construe the complaint in the light most favorable to the plaintiff.  Id.  Additionally, all well-pleaded allegations in the complaint are accepted as true, and all reasonable inferences are construed in the plaintiff's favor.  Id.  The complaint need only set forth facts that plausibly demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  But merely reciting the

elements of a cause of action or supporting claims with conclusory statements of law is insufficient to state a cause of action.  Id.

### III.   ANALYSIS

Defendant argues Plaintiff's Complaint should be dismissed for four reasons: first, because Plaintiff's BIPA claims are preempted by the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 et seq.; second, because Plaintiff's claims are barred by either a one- or two-year statute of limitations period; third, because Plaintiff fails to plead either recklessness, intent, or negligence; and fourth, because Plaintiff assumed the risk that the privacy and security of her biometric information would be compromised by working at Meridian.  See generally Def.'s Mem. Supp. Mot. Dismiss (d/e 10).

**a.   Plaintiff's alleged injuries are not preempted by the Illinois Workers' Compensation Act.**

The Illinois Workers Compensation Act ("IWCA") largely abrogates Illinois workers' ability to recover damages from employers under common law for workplace injuries and instead provides the exclusive remedy for such injuries.  820 ILCS 305/5(a); Meerbrey v. Marshall Field & Co., 564 N.E.2d 1222, 1225 (Ill. 1990); see also Baylay v. Etihad Airways P.J.S.C., 881 F.3d 1032,

1038–39 (7th Cir. 2018). But the IWCA is not without exceptions. The exclusive remedies within the IWCA do not apply where the plaintiff establishes "(1) that the injury was not accidental; (2) that the injury did not arise from . . . her employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the [IWCA]." Meerbrey, 564 N.E.2d at 1226 (citing Collier v. Wagner Castings Co., 408 N.E.2d 198, 201–02 (Ill. 1980)).

Defendant argues that none of these four exceptions to the IWCA exclusive remedy provision apply to Plaintiff's alleged injuries under BIPA. As a result, Defendant argues, Plaintiff's claims should be dismissed because the proper remedy would be through the workers' compensation procedures set out in the IWCA.

In response, Plaintiff states that injuries under BIPA are neither covered nor compensable under the IWCA. Thus, according to Plaintiff, her claims fall under the fourth, non-compensable injury exception to the IWCA exclusivity provision.

The Court agrees with Plaintiff. Whether an injury is compensable under the IWCA depends on the outcome of a 'human organism' test outlined in the Illinois Supreme Court's decision in

Pathfinder Co. v. Industrial Commission. 343 N.E.2d 913, 918 (Ill. 1976); see Cothron v. White Castle Sys., 467 F.Supp.3d 604, 616 (N.D. Ill. 2020) (hereinafter "Cothron I") (citing Pathfinder, 343 N.E.2d at 918), and Snider v. Heartland Beef, Inc., 479 F.Supp.3d 762, 768 (C.D. Ill. 2020) (same). Under the Pathfinder test, an injury will be compensable only if it triggers a "harmful change in the human organism—not just its bones and muscles, but its brain and nerves as well." Pathfinder, 343 N.E.2d at 918 (internal citations omitted).

In contrast, the Illinois Supreme Court has held that BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." Rosenbach v. Six Flags Entm't Corp., 129 N.E.3d 1197, 1206 (Ill. 2019). As a result, Illinois state trial courts have held that the privacy rights protected in BIPA are "distinct from those preempted by the IWCA." Cothron I, 467 F.Supp.3d at 617–617 (collecting cases). Thus, as other federal courts have held, "only physical or psychological injuries are compensable under the IWCA" while privacy interests, such as those under BIPA, are not. Snider, 479 F.Supp.3d at 769–770.

Plaintiff does not claim any physical or psychological injuries. Rather, she claims an injury to her right to privacy codified in BIPA. Plaintiff's injuries cannot, then, be compensated under the IWCA and are, therefore, not preempted.

### b. Plaintiff's claims are timely brought.

Defendant next argues that Plaintiff's claims are time-barred by the applicable statute of limitations. As an initial matter, because a statute of limitations defense is an affirmative defense, dismissal under Rule 12(b)(6) on those grounds is only proper where the allegations "plainly reveal that the action is untimely under the governing statute of limitations." Chicago Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613 (7th Cir. 2014) (cleaned up) (citing Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 934 (7th Cir. 2012)). BIPA itself does not contain a specific limitations period, and other federal courts in Illinois have acknowledged as much. Cf. Cothron v. White Castle Sys., Inc., 477 F.Supp.3d 723, 729 n. 4 (N.D. Ill. 2020) (hereinafter "Cothron II"); Burlinski v. Top Golf USA Inc., No. 19-CV-06700, 2020 WL 5253150, at *6 (N.D. Ill. Sept. 3, 2020).

Still, Defendant argues that either a one- or two-year limitation should apply to BIPA claims.  The one-year period should apply, Defendant argues, because Section 13-201 of Illinois's Code of Civil Procedure applies a one-year limitation to actions for "publication of matter violating the right of privacy."  Def.'s Mem. (d/e 10) at p. 7 (citing 735 ILCS 5/13-201).  Defendant relies on West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc., an Illinois Appellate Court decision involving BIPA, as evidence that Section 13-201 applies. 166 N.E.3d 818 (Ill. App. 2020).  However, West Bend involved an analysis of whether BIPA claims could be considered "published" for purposes of a specific insurance company's definition of "personal injury" lawsuits within its indemnification policies.  See id. at 824–25.  West Bend does not stand to broadly define all BIPA injuries as involving publication for purposes of Section 13-201.

In contrast, BIPA prohibits, and Plaintiff alleges, the "disclosure" of biometric information.  See Compl. ¶ 59; 740 ILCS 14/15(d).  As Illinois courts have held, statutes prohibiting "disclosure" concern a narrower type of conduct than statutes prohibiting "publication."  See Benitez v. KFC Nat. Mgmt. Co., 714

N.E.2d 1002, 1007 (Ill. App. Ct. 1999); <u>Miller v. Motorola Inc.</u>, 560 N.E.2d 900, 903 (Ill. App. 1990) (holding that an invasion of a right to privacy does not equate to publication). Because of that difference, the one-year limitation on privacy torts involving "publication" is inapplicable where only "disclosure" is prohibited. <u>Id.</u> Therefore, the one-year statute of limitations for "publication of matter violating the right to privacy" contained in Section 13-201 does not apply to BIPA injuries.

In the alternative, Defendant argues that the two-year statute of limitation on personal injury lawsuits contained in Section 13-202 of Illinois's Code of Civil Procedure should apply. Def.'s Mem. (d/e 10) at p. 10 (citing 735 ILCS 5/13-202). Defendant states that the statutory privacy right in BIPA is "akin to a personal injury tort" because "tort liability can arise from a statutory violation." <u>Id.</u>

However, simply because statutes generally can impose tort liability does not mean BIPA does. Moreover, Plaintiff does not state in her Complaint that she suffered physical or psychological injuries, and neither does BIPA require her to. <u>See</u> 740 ILCS 14/15. Indeed, just as BIPA injuries are not considered personal injuries for purposes of IWCA preemption, BIPA injuries cannot be

considered personal injuries for purposes of the applicable statute of limitations. As a result, Section 13-202's two-year statute of limitations for personal injury suits does not apply to injuries resulting from violating the statutory rights bestowed by BIPA. See Burlinski, 2020 WL 5253150, at *7 (Plaintiffs who were explicitly not claiming they suffered physical or psychological injuries could not have been pursuing a personal injury claim under BIPA, and thus Section 13-202 did not apply); Meegan v. NFI Indus., Inc., No. 20-C-465, 2020 WL 3000281, at *4 (N.D. Ill. June 4, 2020) (holding that Section 13-202 did not apply to BIPA on other grounds).

Because neither Section 13-201 nor 13-202 apply to BIPA claims, the five-year 'catch-all' statute of limitation within Section 13-205 of Illinois's Code of Civil Procedure does. 735 ILCS 5/13-205. Section 13-205 states, "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." Id. Where Illinois statutes are silent as to a limitations period, Section 13-205 controls. Montague v. George J. London Memorial Hospital, 396 N.E.2d 1289, 1293–94 (Ill. App. 1979). Nowhere in its provisions does BIPA state it's limitations period, and neither of the above-discussed limitations periods

apply. Therefore, the five-year 'catch all' must apply to BIPA violations, and numerous Illinois courts—both state and federal—have so held. See Woodard v. Dylan's Candybar LLC, No. 19-CH-05158, at 13 (Cir. Ct. Cook Cty. Nov. 20, 2019); Carrasco v. Freudenberg Household Prods., LP, No. 19-L-279, at ¶ 2 (Cir. Ct. Kane Cty. Nov. 15, 2019); and Robertson v. Hostmark Hospitality Group, Inc., 18-CH-5194, at 5 (Cir. Ct. Cook Cty. July 31, 2019) ("Because, [BIPA] does not contain a limiting provision and neither Section 13-201 nor Section 13-202 applies, the court finds that Section 13-205 provides the applicable statute of limitations for [BIPA]."); Burlinski, 2020 WL 5253150, at *7–8; Meegan, 2020 WL 3000281, at *4. The Court sees no reason why it should conclude differently.

Plaintiff began using Defendant's biometric scanning equipment to clock in and out of work, as required by Defendant, on approximately November 21, 2017. Compl. ¶¶ 2–4. She filed suit claiming BIPA violations on June 10, 2020. Id. Thus, Plaintiff

timely sued within the applicable five-year statutory limitations period under Illinois law.[1]

### c.   Plaintiff adequately pleads BIPA violations.

Defendant's next argument is that Plaintiff must be dismissed because she has failed to plead the state of mind which, in Defendant's view, is required for claims of BIPA violations.  In support of its argument, Defendant points to the menu of remedies in 740 ILCS 14/20 available to prevailing plaintiffs in BIPA actions. Def.'s Mem. (d/e 10) p. 12–14.  Defendant argues that, because two of the four remedial options in Section 14/20 require the defendant to have acted negligently, intentionally, or recklessly, Plaintiff must allege the same to meet the Rule 12(b)(6) pleading requirements.

"A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." BBL, Inc. v. City of Angola, 809 F.3d 317, 325 (7th Cir. 2015).  Moreover, a "claim is the aggregate of

---

[1] Because Plaintiff sued within five years of the first time her alleged injury occurred, the Court need not, and does not, decide whether a series of BIPA violations accrue on the first alleged violation, or continue accruing on each subsequent alleged violation.

operative facts which give rise to a right enforceable in the courts. One claim supported by multiple theories does not somehow become multiple claims." Sojka v. Bovis Lend Lease, Inc., 686 F.3d 394, 399 (7th Cir. 2012) (internal citations omitted).

Section 14/20 of BIPA contains four remedies available to prevailing plaintiffs in BIPA cases. 740 ILCS 14/20. Two of the four remedies in Section 14/20 are liquidated damages in the event a defendant acts with a specific state of mind when violating BIPA. When a defendant acts negligently in violating BIPA, liquidated damages of either $1,000 or actual damages, whichever is greater, can be awarded for each violation. 740 ILCA 14/20(1). When a defendant acts either intentionally or recklessly when violating BIPA, liquidated damages of either $5,000 or actual damages, whichever is greater, can be awarded for each violation. Id. at 20(2). Recovery of attorneys' fees and costs—740 ILCS 14/20(3)—and any "other relief, including an injunction," the Court may deem proper, 740 ILCS 14/20(4) can also be awarded without state of mind requirements.

The menu of remedies in Section 14/20 is just that: a menu of *remedies.* It is not, as Defendant argues, a list of the necessary

elements of a BIPA claim. Indeed, nowhere in Section 14/15 does BIPA mention any mental state as an element for a violation. 740 ILCS 14/15. Section 14/20, in turn, states that any person "aggrieved by a violation," including under Section 14/15, "shall have a right of action" in court without qualification. 740 ILCS 14/20. Only after that, in Sections 14/20(1) and (2), does BIPA mention the mental state requirements for damages, and even then, only as remedies that "[a] prevailing party *may* recover for each violation." Id. (emphasis added). Once a plaintiff establishes a BIPA claim, which does not require a mental state allegation, he or she may then seek relief in the form of liquidated damages, litigation expenses, an injunction, or a combination of all three.

The mental state requirements for recovery in Section 14/20, then, are separate and apart from the elements of a BIPA violation. As such, Plaintiff need not plead facts showing Defendant's mental state to state a claim for relief. Cf. Rosenbach, 129 N.E.3d at 1207 (BIPA ""subject[s] private entities who fail to follow the statute's requirements to substantial potential liability, including liquidated damages, injunctions, attorney fees, and litigation expenses for each violation of the law *whether or not* actual damages, beyond

violation of the law's provisions, can be shown." (emphasis added) (quotation marks omitted)); See Snider, 479 F.Supp.3d at 772–73 ("Therefore, it appears that the BIPA imposes strict liability"). Rather, the question of mental state only arises when considering the type of relief available after a violation has been established. As with the statute of limitation issue, other Illinois federal courts have held that plaintiffs need not plead either negligence, intentionality, or recklessness in a BIPA claim to survive a motion to dismiss, and the Court similarly sees no reason to hold differently. See Snider, 479 F.Supp.3d at 773; Cothron I, 467 F.Supp.3d at 618; Burlinski, 2020 WL 5253150, at *8.

Plaintiff has alleged that Defendant required its workers to scan their fingerprints into a biometric timeclock maintained by a third-party vendor. Compl. (d/e 1) at ¶¶ 23 & 24. Defendant did so, Plaintiff alleges, without providing Plaintiff anything in writing that Defendant was doing so, the length of time Defendant would do so, or Defendant's retention policies after it did so. Id. at ¶ 25. Moreover, Plaintiff alleges that Defendant never obtained Plaintiff's written consent to collect, store, or disseminate her biometric information. Id. at ¶ 26. All of this, if proven true, would be in

violation of BIPA.  See 740 ILCS 14/15.  Plaintiff has adequately alleged facts to support a claim for relief and, therefore, her Complaint survives Defendant's challenge under Rule 12(b)(6).

### d. The implied assumption of risk defense is not applicable.

Defendant's last argument is that Plaintiff's claims are barred by the doctrine of primary assumption of risk.  Def.'s Mem. (d/e 10) p. 15.  In Defendant's view, Plaintiff assumed "[a]ny alleged 'risks' stemming from the use of the finger-scan timekeeping technology" when Plaintiff chose to work at Defendant's facilities.  Id.

"Primary implied assumption of risk is an affirmative defense that arises where the plaintiff's conduct indicates that he has implicitly consented to encounter an inherent and known risk, thereby excusing another from a legal duty which would otherwise exist." Edwards v. Lombardi, 1 N.E.3d 641, 646 (Ill. App. 2013) (quotation marks omitted).  However, "assumption of the risk is not an available defense when a statute calls for strict liability." Olle v. C House Corp., 967 N.E.2d 886, 890 (Ill. App. 2012).  Furthermore, the doctrine will not bar recovery if the statutory language indicates that assumption of the risk is not available. Barthel v. Ill. Cent. Gulf R.R. Co., 384 N.E.2d 323, 326 (Ill. 1978).

Because BIPA is a strict liability statute, the implied assumption of the risk defense is not available to BIPA defendants. Snider, 479 F.Supp.3d at 772–73; Olle, 967 N.E.2d at 890.

Further, the statutory language makes clear that the assumption of the risk defense is not available. BIPA requires private entities to provide written notice that they are collecting biometric information, their purposes for doing so, and how long they will be collecting the data. 740 ILCS 14/15(b). BIPA also requires private entities to obtain informed consent from those whose data they are collecting. Id. Therefore, BIPA "plainly appears to abrogate" the doctrine of implied assumption of risk, and Plaintiff's Complaint cannot be dismissed on that basis. Snider, 479 F.Supp.3d at 772.

## IV.    CONCLUSION

For the above reasons, the Court holds that (1) Plaintiff's BIPA claims are not preempted by the IWCA, (2) Plaintiff's BIPA claims fall within the applicable five-year statute of limitations, (3) Plaintiff's Complaint adequately states facts alleging Defendant violated BIPA, without the need for negligence, recklessness, or intentionality, and (4) Plaintiff did not assume the risk that her

statutory right to privacy established by BIPA would be violated by Defendant. Defendant's Motion to Dismiss (d/e 9) is therefore DENIED.

**IT IS SO ORDERED.**

**ENTERED: September 30, 2021**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**