## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **SHARON BRADENBERG,** | ) |
| **on behalf of herself and all other** | ) |
| **persons similarly situated,** | ) |
| **known and unknown,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No. 20-cv-03198** |
| | ) |
| **MERIDIAN SENIOR LIVING, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

### <u>OPINION AND ORDER</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Plaintiff Sharon Bradenberg's Unopposed Motion to Lift Stay (d/e 39). Also before the Court are Defendant Meridian Senior Living's Motions for Reconsideration of the Court's Denial of Meridian's Motion to Dismiss Plaintiff's Class Action Complaint (d/e 23), to Transfer Case to the Southern District of Illinois (d/e 27), and for Leave to File a Reply Brief (d/e 30). Lastly before the Court is a Motion to Intervene filed by proposed Intervenor Plaintiff Roxann Hall (d/e 21).

Because the pending decisions which formed the basis of the stay have now been resolved, the Motion to Lift Stay is GRANTED. But because the legal conclusions in each of those decisions confirm this Court's prior rationales for denying Defendant's Motion to Dismiss and because Defendant Meridian has not carried its burden to show why reconsideration is necessary, the Motion for Reconsideration is DENIED. Further, the transfer of this case to the Southern District of Illinois would be against the interest of justice, so the Motion to Transfer is also DENIED. Finally, because proposed Intervenor Roxann Hall has not shown her request to intervene is timely or that she has a sufficient, unprotected interest in this litigation, her Motion to Intervene is DENIED.

## I.    BACKGROUND

This case involves novel legal questions about a novel state law: Illinois' Biometric Information Privacy Act, or "BIPA." See 740 ILCS 14/1 *et seq.* Plaintiff Sharon Bradenberg alleges her employer, Meridian Senior Living, LLC, violated that law when Meridian allegedly transmitted her scanned fingerprint to Meridian's timekeeping vendor without Bradenberg's consent. Bradenberg also alleges that Meridian violated the law when Meridian collected,

stored, disseminated, or used her fingerprints or other personal
identifying information without consent.[1]

Bradenberg filed a class action complaint articulating these
allegations in the Circuit Court for the Seventh Judicial Circuit,
Sangamon County, Illinois on June 10, 2020.  Meridian removed
the case to this Court on August 3, 2020 pursuant to the Class
Action Fairness Act, 28 U.S.C. § 1453(b) and under 28 U.S.C. §§
1441 and 1446.  Meridian then moved to dismiss the complaint
under Federal Rule of Civil Procedure 12(b)(6), arguing, as relevant
to the Motion for Reconsideration, that Bradenberg's claims were
untimely and that Bradenberg assumed the risk of a breach of BIPA
by Meridian.  The Court rejected each of Meridian's arguments,
agreeing with Bradenberg in holding (1) BIPA claims are subject to
the five-year statute of limitations articulated in 735 ILCS 5/13-205
and (2) that the primary assumption of risk doctrine is not available
to BIPA defendants under Illinois law because BIPA is a strict
liability statute.  Op. (d/e 20) pp. 8–13; 17–18.

---

[1] The specific factual and legal allegations are set out more fully in the Court's
previous Opinion and Order on Meridian's Motion to Dismiss (d/e 20).  For the
sake of brevity, the Court will not repeat itself here.

In the month following the Court issuing its ruling on the Motion to Dismiss, various parties filed additional motions. On October 14, 2021, proposed Intervenor Plaintiff Roxann Hall filed a Motion to Intervene in this case. Hall filed her own action in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, which Meridian then removed to the Southern District of Illinois in Case Number 21-cv-55. In her case, Hall alleges that Meridian similarly violated BIPA through the use of fingerprint scanning, like Bradenberg's claims, and through the use of retina scanning, unlike Bradenberg's claims. See Mem. (d/e 22) Ex. B.

Then, on October 15, 2021, Meridian filed a Motion for Partial Reconsideration of the Opinion on the Motion to Dismiss (d/e 23) and followed that up 12 days later with a Motion to Transfer to the Southern District of Illinois (d/e 27). Upon further briefing of Meridian's Motion for Partial Reconsideration, the Court determined that relevant legal issues to this case were pending in decisions in Tims v. Black Horse Carriers, Inc., 2023 IL 127801; Marion v. Ring Container Techs., LLC, No. 3-20-0184; and White Castle System, Inc. v. Cothron, No. 20-8029 (7th Cir. filed Oct. 13, 2020). Those cases were either pending before the Illinois Supreme Court or with

certified questions to the Illinois Supreme Court from the Seventh
Circuit Court of Appeals regarding (1) the appropriate statute of
limitations to be applied to BIPA claims and (2) when BIPA claims
accrue.  This Court determined, sua sponte, that a stay in this case
pending those decisions and answers to those questions was
appropriate and stayed this case until those questions were
resolved.

The Illinois Supreme Court has now issued final decisions in
both Tims v. Black Horse Carriers, Inc., -- N.E.3d --, 2023 IL
127801 (Ill. 2023) and Cothron v. White Castle System, Inc., --
N.E.3d --, 2023 IL 128004 (Ill. 2023).  In Tims, the Court held that
the five-year catch-all of limitations set out in 735 ILCS 5/13-205
applies to BIPA claims.  In Cothron, the Court addressed a question
certified to it by the Seventh Circuit Court of Appeals:

> Do section 15(b) and 15(d) claims [under BIPA]
> accrue each time a private entity scans a
> person's biometric identifier and each time a
> private entity transmits such a scan to a third
> party, respectively, or only upon the first scan
> and first transmission?

Cothron v. White Castle Sys., Inc., 20 F.4th 1156, 1167 (7th Cir.
2021), certified question answered, 2023 IL 128004, as modified on

denial of reh'g (July 18, 2023).  The Illinois Supreme Court issued a final ruling answering that question on July 18, 2023, holding that "a separate claim accrues under [BIPA] each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) or 15(d)."  Cothron v. White Castle Sys., Inc., 2023 WL 4567389, at *1 (Ill. Feb. 17, 2023) as modified on denial of reh'g (July 18, 2023).  The questions which formed the basis of the stay entered by this Court having now been answered, Bradenberg's Unopposed Motion to Lift Stay (d/e 39) is GRANTED, and the Court may now turn to the Motion for Partial Reconsideration (d/e 23), the Motion to Intervene (d/e 21), and the Motion to Transfer (d/e 27).

## II.   MOTION FOR PARTIAL RECONSIDERATION[2]

"Pre-judgment orders, such as [denials of] motions to dismiss, are interlocutory and may be reconsidered at any time."  Cameo Convalescent Ctr., Inc. v. Percy, 800 F.2d 108, 110 (7th Cir. 1986). "Motions for reconsideration serve a limited function; to correct

---

[2] Later in this Order, the Court allows Meridian's Motion for Leave to File a Reply Brief.  The Court has considered the arguments advanced in the attached proposed Reply Brief in deciding the Motion for Reconsideration and will direct the Clerk to file the Reply *nunc pro tunc.*

manifest errors of law or fact or to present newly discovered evidence." <u>Rothwell Cotton Co. v. Rosenthal & Co.</u>, 827 F.2d 246, 251 (7th Cir. 1987) (quoting <u>Keene Corp. v. Int'l Fidelity Ins. Co.</u>, 561 F.Supp. 656, 665–66 (N.D. Ill. 1982), <u>aff'd</u>, 736 F.2d 388 (7th Cir. 1984)).  A motion for reconsideration may also be appropriate where the Court has patently misunderstood a party or has made a decision outside the adversarial issues originally presented. <u>Quaker Alloy Casting Co. v. Gulfco Indus. Inc.</u>, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (quoting <u>The Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Meridian asks the Court to partially reconsider the previous Order (d/e 20) on two grounds, arguing as incorrect the Court's application of the five-year statute of limitations to Bradenberg's claims and conclusion that the primary assumption of risk defense is not available to BIPA defendants.

Regarding the statute of limitations issue, the Illinois Supreme Court, as previously stated, has made clear that the five-year statute of limitations articulated in 735 ILCS 5/13-205 applies to BIPA claims like Bradenberg's here.  <u>Tims</u>, 2023 IL 127801, ¶ 42.

Because that is the same conclusion this Court previously reached, Meridian's request for reconsideration is denied.

Meridian's request for reconsideration regarding primary assumption of risk is also denied.  Meridian argues that the issue of whether BIPA is a strict liability statute was not before the Court in previous briefing, and so the Court's conclusion that BIPA does impose strict liability, and therefore cannot be defended by the doctrine of primary assumption of risk, was beyond the scope of that briefing.  But in Meridian's Motion to Dismiss, Meridian advanced the defense of primary assumption of risk as to Bradenberg's BIPA claims.  See Mem. (d/e 10) p. 15.  In response, Bradenberg argued that defense cannot be brought against BIPA claims because BIPA claims "have a strict liability component." Resp. (d/e 12) p. 11.  As the Court explained, under Illinois law "assumption of the risk is not an available defense when a statute calls for strict liability."  Op. (d/e 20) p. 17 (quoting Olle v. C House Corp., 967 N.E.2d 886, 890 (Ill. App. 2012)).  It would be nonsensical for the Court to allow Meridian to argue the primary assumption of risk defense while simultaneously prohibiting Bradenberg from arguing, and this Court from analyzing, an

applicable strict liability rebuttal.  Meridian opened the door by raising the primary assumption of risk defense.  The issue of whether BIPA is a strict liability statute was squarely before the Court.

Moreover, and as Meridian concedes, Meridian went on to argue that "BIPA is not a strict liability statute."  Mem. (d/e 10) p. 11.  And while that argument is included in the section of Meridian's brief regarding the sufficiency of Bradenberg's pleadings that fact does not neutralize this Court's ability or opportunity to analyze BIPA's strict liability nature.

Lastly, the Court declines to revisit its finding that sections 15(a) and (b) impose strict liability because those sections do, in fact, impose strict liability.  Neither 740 ILCS § 14/15(a) nor (b) require proof of state of mind to impose liability.  And while BIPA identifies, based on state of mind showing, varying levels of recovery for liquidated damages, see 740 ILCS 14/20 (allowing liquidated damages of $1000 per negligent violation and $5,000 per reckless or intentional violation), "[r]equests for liquidated damages [under BIPA] are not 'claims,' . . . but demands for relief.  [A plaintiff] need not plead facts (such as plausibly suggesting negligence,

recklessness, or intentional conduct) that show [her] entitlement to these precise forms of relief." <u>Sosa v. Onfido, Inc.</u>, 600 F.Supp.3d 859, 874 (N.D. Ill. 2022). Imposition of liability is different than availability of forms of relief, and because neither section 15(a) nor (b) requires proof of state of mind, the liability those sections impose can only be described as strict. Meridian's request for reconsideration is denied.

### III.   MOTION TO INTERVENE

Also before the Court is a Motion by proposed Intervenor Plaintiff Roxann Hall. Hall is currently litigating her own case against Meridian in Southern District of Illinois Case Number 21-cv-55, and she requests the Court allow her to intervene in this matter.

Intervention by non-parties in federal cases is governed by Rule 24 of the Federal Rules of Civil Procedure. Under that Rule, courts must allow intervention, upon timely motion, to anyone who:

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to

> protect its interest, unless existing parties
> adequately represent that interest.

Fed. R. Civ. P. 24(a).  Courts may also allow intervention, upon

timely motion, to anyone who "is given a conditional right to

intervene by a federal statute; or has a claim or defense that shares

with the main action a common question of law or fact."  Fed. R.

Civ. P. 24(b)(1) (numeration removed).  "In exercising its discretion

[to allow permissive intervention], the court must consider whether

the intervention will unduly delay or prejudice the adjudication of

the original parties' rights."  Id. at (b)(3)

Hall first argues that the Court must allow her to intervene as

a matter of right under Rule 24(a)(2).  "Rule 24(a)(2) requires the

court to allow intervention if the would-be intervenor can prove: '(1)

timely application; (2) an interest relating to the subject matter of

the action; (3) potential impairment, as a practical matter, of that

interest by the disposition of the action; and (4) lack of adequate

representation of the interest by the existing parties to the action.'"

Bost v. Ill. State Bd. of Elections, 75 F.4th 682, 686 (7th Cir. 2023)

(quoting State v. City of Chicago, 912 F.3d 979, 984 (7th Cir. 2019).

Hall's request fails to establish any Rule 24 requirement.

Hall's request is denied first because it is untimely. "In evaluating timeliness, [courts] look to four considerations: (1) the length of time the intervenor knew or should have known of [her] interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; and (4) any other unusual circumstances." <u>Cook Cty., Ill. v. Texas</u>, 37 F.4th 1335, 1341 (7th Cir. 2022) (citing <u>City of Chicago</u>, 912 F.3d at 984). In any case, the would-be intervenor must "move promptly to intervene as soon as [she] knows or has reason to know that [her] interests might be adversely affected by the outcome of the litigation." <u>Id.</u> (quoting <u>Heartwood, Inc. v. U.S. Forest Serv.</u>, 316 F.3d 694, 701 (7th Cir. 2003)).

Here, Hall did not move to intervene until at least eight months after she had reason to know about this litigation. In her own BIPA suit against Meridian in the Southern District of Illinois, Hall opposed a Motion for Stay filed by Meridian in which Meridian requested a stay, in part, pending the outcome of this case. <u>See</u> Mem. in Support of Mot. to Stay, <u>Hall v. Meridian Senior Living, LLC</u>, No. 21-cv-55 (S. D. Ill. Feb. 22, 2021), ECF No. 18. Hall was unsuccessful in her opposition to the stay in her case, and Hall did

not move to intervene here until after her own case had already been stayed for four months.  <u>See</u> Order Staying Case, <u>Hall</u>, No. 21-cv-55 (S. D. Ill. June 29, 2021), ECF No. 25.  Moreover, Bradenberg has also submitted evidence that her counsel had communicated the similarities between the present case and Hall's case as early as January 2021.  Ex. 1 (d/e 26-1).  Even giving Hall the benefit of the doubt, she at minimum did know about this matter for at least eight months, not to mention any amount of time in which she "[had] reason to know."  <u>Cook Cty., Ill. v. Texas</u>, 37 F.4th at 1341.  Such a lengthy delay in moving to intervene is clearly outside of the definition of "prompt."  While the Court does not find any prejudice to either the parties in this matter or to Hall, based on the length of Hall's delay in moving to intervene, the Court finds Hall's motion untimely.

Hall's claims that she both has an interest in this matter and that Bradenberg or other members of her class would be incapable of adequately asserting those interests also fail.  "Intervention as of right requires a would-be intervenor to have a 'direct, significant and legally protectable interest in the [subject] at issue in the lawsuit.'"  <u>Bost</u>, 75 F.4th at 686 (quoting <u>Keith v. Daley</u>, 764 F.2d

1265, 1268 (7th Cir. 1985)).  The "interest requirement demands only that an interest belong to the would-be intervenor in [her] own right, rather than derived from the rights of an existing party."  Id. at 687.

Hall's sole asserted interest in this matter is that she has made similar claims against Meridian in the Southern District of Illinois.  She argues only that "[i]ntervention is necessary to avoid potential preclusive effects or *stare decisis* impacts that a resolution in this proceeding may have on the unique claims that" Hall advanced in her own case.  Mem. (d/e 22) p. 7.  Hall points to the Seventh Circuit's decision in Flying J, Inc. v. Van Hollen to support this argument.  Id. (citing 578 F.3d 569, 573 (7th Cir. 2009)).  But there, the Seventh Circuit said that while "the *stare decisis* of a decision *can* be a ground for intervention," Flying J, 578 F.3d at 573 (citing New York Public Interest Research Group, Inc. v. Regents of University, 516 F.2d 350, 352 (2d Cir. 19975)), "the decision of a district court has no authority as precedent."  Flying J, 578 F.3d at 573 (citing Matheny v. United States, 469 F.3d 1093, 1097 (7th Cir. 2006)).  Hall does not explain why or how any decision of this Court would be binding under the doctrine of *stare*

*decisis* on the Southern District of Illinois.  Nor could she because it would not be.  Hall remains free to advance any arguments she feels should be made in her own case in the Southern District, which is being considered by a more than capable United States District Judge.  Hall's asserted interest in this case is negligible, if it exists at all, and is far from "direct, significant and legally protectable."  Bost, 75 F.4th at 686.

The final elements for intervention, namely the potential impairment of any interest by the disposition of this action and the lack of adequate representation of that interest by the existing parties, Bost, 75 F.4th at 686, are premised by the Court finding that Hall does, in fact, have an interest in this matter.  But because the Court has found otherwise, the Court need take the analysis any further.  And because the Court has also found that Hall's request is untimely, a necessary precondition for allowing permissive intervention, the Court need not, and in its discretion does not, consider the remaining elements under Rule 24(b).  Roxann Hall's Motion to Intervene is denied.

## IV.   MOTION TO TRANSFER

Finally, the Court turns to Meridian's Motion to Transfer to the Southern District of Illinois.  As stated above, Bradenberg filed this putative class action against Meridian in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois on June 10, 2020 and Meridian removed the case to this Court on August 3, 2020 pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453(b), and under 28 U.S.C. §§ 1441 and 1446.  This case then proceeded, with both parties litigating heavily, for approximately 15 months until the was stayed.

Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Id. at § 1404(a).  In determining convenience and the interest of justice, a variety of factors are employed, including the plaintiff's choice of forum, the location of material events, the availability and access to witnesses, and access to sources of proof.  Rsch. Automation, Inc. v. Schrader-Bridgeport, Int'l Inc., 626 F.3d 973, 978 (7th Cir. 2010).

And while delays are not generally sufficient, on their own, to deny a motion to transfer, "a motion to transfer should be made early in the proceeding" and any dilatory actions will be considered as weighing against the interest of justice.  Edsall v. CSX Transp., Inc., No. 05-cv-903-WDS, 2006 WL 3302679, at *2 (S. D. Ill. Nov. 14, 2006) (quoting Blumenthal v. Mgmt. Assistance, Inc., 480 F.Supp. 470, 471 (N. D. Ill. 1979)). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

Bradenberg's claims against Meridian stem from her employment at Meridian's facilities in Newton, Illinois which is in Jasper County, Illinois.  While that location is in the Southern District of Illinois, Bradenberg's claims are styled as a class action representing potential class plaintiffs from all Meridian facilities throughout Illinois, including those in the Central District of Illinois.  So, to the extent Meridian argues that *all* of the material events occurred in the Southern District and *all* of the evidence and parties are located there, such argument fails to include any

evidence and any parties from the facilities outside the Southern
District.  Moreover, the specific facility at which Bradenberg was
employed, while in the Southern District, is in Newton, Illinois,
which is not appreciably farther from Springfield, Illinois than from
Benton, Illinois, the location of the closest Southern District
Courthouse to Newton.[3]

More concerning, though, is the delay between Meridian's
removal of this matter to this Court and present Motion to Transfer.
Meridian removed this action to this Court on August 23, 2020.
See Not. Removal (d/e 1).  Meridian then filed multiple papers for
over 14 months, including motions, memoranda, responses, and
replies in opposition.  And, significantly, the Court issued its ruling
on Meridian's Motion to Dismiss and received Meridian's Motion for
Reconsideration of the same before Meridian filed the present
Motion on October 27, 2021.

---

[3] The Court takes judicial notice of the distances between Newton, Illinois and
Springfield and Benton, Illinois, respectively. Cf. Cloe v. City of Indianapolis,
712 F.3d 1171, 1177 n.3 (7th Cir. 2013) ("We have taken judicial notice of—
and drawn our distance estimates from—images available on Google Maps, a
source whose accuracy cannot reasonably be questioned, at least for the
purpose of determining general distances.") (internal quotation marks omitted),
overruled on other grounds by Ortiz v. Werner Enters., Inc., 834 F.3d 760 (7th
Cir. 2016)).

This was not an ordinary delay. It was a delay during which substantive litigation was carried out before this Court and which required substantive rulings. True, Meridian's alleged actions took place in the Southern District of Illinois. True, Meridian is currently defending a case in the Southern District with claims similar to those here. But Meridian failed to advance either point when it chose to remove this case to this Court or shortly thereafter. Meridian also failed to raise those points when it filed its Motion to Dismiss and briefing or when it filed its Motion for Reconsideration briefing. To ask this Court to rule on those Motions but then turn around, change course, and ask this Court to transfer the case to another district after receiving unfavorable rulings is to ask this Court to now pass the buck to another court to follow those rulings throughout the remainder of the litigation. A transfer under these circumstances would allow Meridian to practice testing the waters of one court before transferring to another where it may think it can expect fairer tides. In short, such a ruling would promote forum shopping and would be against the interests of justice. Meridian's Motion to Transfer is denied.

## V.  CONCLUSION

Meridian has not carried its burden on Reconsideration or to Transfer.  Proposed Intervenor Roxann Hall has similarly not carried her burden to show why she has a sufficient interest in this litigation to allow her to intervene.  The Court also notes that premises of the previously order stay are resolved.  It is, therefore, ORDERED:

(1)  Plaintiff's Unopposed Motion to Lift Stay (d/e 39) is GRANTED.

(2)  Defendant's Motion for Leave to File a Reply Brief (d/e 30) is GRANTED, and the Clerk is directed to docket the attached Proposed Reply (d/e 30-1) as Defendant's Reply *nunc pro tunc* October 29, 2021.

(3)  Roxann Hall's Motion to Intervene (d/e 21) is DENIED.

(4)  Defendant's Motion for Partial Reconsideration (d/e 23) is DENIED.

(5)  Defendant's Motion to Transfer Case (d/e 27) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: September 1, 2023.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**