# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON BRANDENBERG and ROXANN HALL, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 20-cv-3198<br>)<br>) Judge Sue E. Myerscough |
| v. | )<br>) |
| MERIDIAN SENIOR LIVING, LLC, | )<br>)<br>) |
| Defendant. | ) |

## FINAL ORDER APPROVING
## CLASS ACTION SETTLEMENT

This matter coming before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, the Court having reviewed and considered the motion, and having been fully advised in the premises, Plaintiffs' Motion (d/e 61) is GRANTED.

IT IS HEREBY ORDERED and adjudged as follows:

1. On September 11, 2024, the Court entered a Preliminary Order Approving Class Action Settlement and Directing Notice to Settlement Class. (d/e 58).

2. In the Preliminary Approval Order, the Court set a

1

schedule to ensure the Settlement Class would receive adequate notice of settlement, be afforded an opportunity to object, allow the parties additional time to file briefs and set a final approval hearing date.

3. The Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator to Settlement Class Members by direct mail. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances.

4. No Settlement Class members submitted objections or excluded themselves from the Settlement.

5. The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The class is defined as follows:

> All persons from June 10, 2015 through September 11, 2024 whose hand, finger, face, retina, or iris were scanned during their employment at a facility owned, operated, or managed by Defendant within the State of Illinois.

6. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members.

7. The Court finds that: (a) the strength of the Settlement Class Representatives' and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Fund of $1,421,550 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's- length negotiations between the parties, with the assistance of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

8. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement.

9. The Court awards $9,850 to the Settlement Administrator for its work administering the Settlement, which is payable from the Gross Fund as described in the Settlement Agreement.

10. The Court awards Settlement Class Counsel $473,850 in attorneys' fees, which is one-third of the Gross Fund, and $8,536.84 in litigation costs, which are payable from the Gross Fund as described in the Settlement Agreement.

11. The Court awards Settlement Class Representatives Sharon Brandenberg and Roxann Hall $10,000 each as Service Awards, which are payable from the Gross Fund as described in the Settlement Agreement.

12. This matter is dismissed without prejudice. To the extent the parties seek a dismissal with prejudice, a request can be made after Plaintiffs file documentation confirming that Defendant has paid the settlement amount in full to the Gross Fund.

**IT IS SO ORDERED.**

**ENTERED: January 28, 2025.**
**FOR THE COURT**

　　　　　　　　　　　　　　　　　*/s/ Sue E. Myerscough*
　　　　　　　　　　　　　　　　　**SUE E. MYERSCOUGH**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**